## MITCHUM vs. THE STATE.

[ INDICTMENT FOR LARCENY. ]

1. *Larceny, what may be subject of.*—A box of matches, placed by the owner of a store on his counter for the use of his customers and the public, in lighting cigars and pipes, may be the subject of larceny.

APPEAL from Circuit Court of Shelby.
Tried before Hon. CHARLES PELHAM.

The facts material to the point decided will be found in the opinion.

COBB & LEWIS, for appellant.—The testimony shows that the matches were placed upon the counter *for the use of the public* and the *accommodation* of the public; that any and every person had the right to *take* the matches *without limit*, to light their pipes and cigars. The defend-ant certainly had the right to *take the matches* to light his pipe or cigar, and he had the right to use the entire box in this way. The fact that he may have used them for a different purpose would not make the *taking felonious.*

There can be no larceny where the owner consents to the taking. The taking must be without authority and

against the *will* of the owner. If the *taking is not felonious*, although the property may be *converted* to an *improper use*, yet the defendant is not guilty of larceny.

JOHN W. A. SANFORD, Attorney-General, *contra.*

B. F. SAFFOLD, J.—The defendant was indicted for petit larceny. On the trial, the evidence material to the exception taken by him was, that the box of matches, the subject of the larceny, was placed on the counter of the store to be used by the public in lighting their pipes and cigars in the room, and for their accommodation, and was taken therefrom by the defendant. The court was requested by the prisoner to charge the jury, that if the matches were placed on the counter of the store house for the use of customers, or the public, and they were taken while there for such use, the defendant was not guilty. The charge was refused, and the defendant excepted.

Larceny may be committed of property under the circumstances attached to the box of matches. The owner had not abandoned his right to them. They could only be appropriated in a particular manner and in very limited quantity, with his consent. Taking them by the box full without felonious intent would have been a trespass, and with it, a larceny. The ownership was sufficiently proved.

The judgment is affirmed.